UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD A. VERRILL,<br><br>      Plaintiff,<br><br>  v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br>a Delaware Limited Liability Company,<br><br>      Defendant. | Case No. 4:12-cv-00628-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

  The Court has before it Plaintiff's Amended Motion to Compel Discovery. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

  Verrill originally filed a Motion to Compel under Federal Rule of Civil Procedure 37, which the Court summarily denied because the parties had not engaged in the informal mediation conference required by the Court's CMO. The conference then took place on Friday, October 18, 2013. During the conference, Counsel for Verrill narrowed his request. Counsel for Battelle noted that the narrowed requests were likely relevant, but Battelle could not produce them without a Court order because they were protected by the Federal Privacy Act. The parties agreed that they would brief the issue on an expedited schedule. Those briefs are now before the Court.

MEMORANDUM DECISION AND ORDER -1

## ANALYSIS

Verrill seeks the production of the following: (1) Annual performance reviews pertaining to Kevin Young and Brian Clark starting in 2007 through the present year, or year of their termination, inclusive; and (2) All documents pertaining to any investigation of Brian Clark and Kevin Young for (a) (1) improper use of a government computer for, inter alia, such things as personal use thereof or for viewing pornography, nudity, sexually explicit materials, or other inappropriate materials, or (b) insubordination or any allegations on their part of improper billing practices by Battelle.

Battelle concedes that these records may contain information relevant to the allegations in Verrill's Complaint under the broad discovery guidelines of the Federal Rules of Civil Procedure. However, Battelle contends that, pursuant to the Federal Privacy Act of 1974, Battelle may not legally produce the requested documents to Verrill until the Court issues an order authorizing production of the requested records based upon a finding that the records are relevant, and that their relevance outweighs any potential injury to the privacy interests of other non-party employees. See 5 U.S.C. § 552a, *et seq*.

The Federal Privacy Act, 5 U.S.C. § 552a, prevents government agencies from disclosing "records maintained on individuals." 5 U.S.C. § 552a(a)(4). There is no dispute that Battelle is subject to the provisions of the Act with regard to those records systems identified in its M&O contract with the Department of Energy as Privacy Act Records Systems, which in this case includes DOE-5 Personnel Records of Former Contractor Employees. See 5 U.S.C. sec. 552a(m)(1) and INL M&O Contract, Part I,

MEMORANDUM DECISION AND ORDER -2

Section H (available at http://www.id.doe.gov/doeid/INLContract/INL-Contract.htm.). The information Verrill seeks with regard to the former INL employees is contained in a DOE-5 records system and is therefore subject to the protections of the Act.

The Federal Privacy Act prevents the disclosure of the requested employee files unless the court specifically orders them produced pursuant to section 552a(b)(11). At least one district court in the Ninth Circuit has held that the propriety of issuing a § 552a(b)(11) order depends upon standard discovery principles of relevance. *See Hassan v. United States*, 2006 WL 681038, at *2 (W.D. Wash. Mar. 15, 2006). Other courts apply a more demanding standard under which § 552a(b)(11) motions should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure." *See Perry v. State Farm Fire & Casualty Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984). The Court was unable to find a Ninth Circuit case specifically indicating which standard it has adopted under the Federal Privacy Act.

However, either standard is met here. There is no real dispute that the requested information is relevant – the Clark and Young files are relevant to whether Battelle terminated them for the same reasons it terminated Verrill. Battelle does not dispute relevancy. Moreover, the potential harm to Clark and Young is slight at most. The request is narrowly circumscribed to involve only their performance reviews and documents pertaining to any investigation surrounding their termination. Moreover, the protective order in this case will ensure that the information is kept confidential between the parties of this case. Accordingly, the Court will order Battelle to produce the requested portions of the former employees' personnel files.

MEMORANDUM DECISION AND ORDER -3

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Amended Motion to Compel Discovery (Dkt. 24) is **GRANTED**.

DATED: October 28, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court